UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

STANLEY COLLINS,

    Petitioner,

v.

WARDEN, USP - McCREARY,

    Respondent.

Civil Action No. 6:18-066-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Stanley Collins is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Collins filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Collins's petition.

In 2012, a jury convicted Stanley Collins of conspiracy to possess with the intent to distribute cocaine and attempted possession with the intent to distribute cocaine.[1] The district court determined that Collins had multiple prior convictions for felony drug offenses and, as a result, it sentenced him to the mandatory minimum sentence of life in prison pursuant to 21 U.S.C. § 841(b)(1)(A). Collins appealed his case, but the United States Court of Appeals for the Eleventh Circuit affirmed his convictions. Collins then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court denied that motion and the Eleventh Circuit denied him a certificate of appealability.

---

[1] The procedural history comes from Collins's petition, as well as *United States v. Stanley Collins*, No. 8:12-cr-078-SCB-TBM-1 (M.D. Fla. 2012), and *Stanley Collins v. United States*, No. 8:14-cv-2218-SCB-TBM (M.D. Fla. 2014).

Collins then filed a § 2241 petition with this Court. *See Collins v. Ormond*, No. 6:17-cv-209-GFVT at R. 1 (E.D. Ky. 2017). Collins argued that the district court erred when it determined that he had at least two prior convictions for felony drug offenses and thus was subject to a mandatory minimum sentence of life in prison. *See id.* Collins cited *Mathis v. United States*, 136 S. Ct. 2243 (2016), to support his petition, and he claimed that the district court improperly failed to use the "categorical approach" described in that case to determine whether his prior drug convictions were indeed valid predicate offenses for purposes of the § 841(b)(1)(A) enhancement. *See id.* Ultimately, Collins argued that if his "prior offenses are subjected to the categorical approach, they would not qualify as a 'felony drug offense' as defined under federal law." *Id.*

This Court, however, denied Collins's § 2241 petition because it constituted an impermissible collateral attack on his sentence. *See Collins v. Ormond*, No. 6:17-cv-209-GFVT at R. 5 (E.D. Ky. October 6, 2017). The Court explained that while a federal prisoner may challenge the legality of his sentence on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See id.* To be sure, the Court recognized that, in *Hill v. Masters*, 836 F.3d 591, 599 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. *See id.* However, the Court also noted that the Sixth Circuit expressly limited its decision to a set of very narrow circumstances that simply did not apply to Collins's case. *See id.* Thus, the Court denied Collins's § 2241 petition and entered judgment in favor of the Respondent. *See id.* at Rs. 5, 6. Collins appealed that decision, but he failed to prosecute his appeal and, therefore, the Sixth Circuit dismissed his case. *See id.* at R. 12.

Collins has now filed another § 2241 petition, and he restates the same argument he previously made to the Court. [R. 1]. Indeed, Collins once again claims that, in light of *Mathis*,

136 S. Ct. at 2243, the district court improperly enhanced his sentence. The Court, however, has fully reviewed Collins's latest petition [R. 1] and attached supporting memorandum [R. 1-1] and concludes that it constitutes an impermissible collateral attack on his sentence for the same reasons stated by the Court in its October 6, 2017 Memorandum Opinion and Order dismissing Collins's last petition. *See Collins v. Ormond*, No. 6:17-cv-209-GFVT at R. 5 (E.D. Ky. October 6, 2017).

Accordingly, it is hereby **ORDERED** as follows:

1. Collins's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

Dated April 30, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY